THE UNION BETHEL CHURCH OF NEWPORT, ET AL., *v.* THOMAS G. GAYLORD.

[Abstract Kentucky Law Reporter, Vol. 1—403.]

**Judicial Sale of Church Property.**

Where a deed to church property provides that it shall revert to the grantor or his heirs in case any of the conditions therein specified should be violated, where one of the conditions is that the church shall "forever remain free to all persons, and most especially to the poor, to worship God," and on petition of the church it is ordered sold by the court to pay debts, the grantor, if not a party to the suit to sell, can recover the property from the purchaser at such sale; but when he is a party to the suit and assents to the sale he is bound by it, and cannot so recover it.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 6, 1880.

OPINION BY JUDGE COFER:

In their original petition the appellants sought the sale of the whole property, in case it should be necessary to sell all, in order to pay the debts of the church; and in their amended petition they asked that the trust should be closed, the property sold, and the proceeds, after paying debts and costs, should be distributed among

those who had contributed to the erection of the church edifice. The chancellor ordered the sale as asked, but made a different disposition of the proceeds of the sale from that desired by the appellants, and they now ask this court to decide that the chancellor erred in decreeing the sale.

This novel proposition seems to be based upon the statute which declares that "No charity shall fail for the want of a trustee," etc. (Chap. 13, General Statutes); and it is contended that when these appellants abandoned the trust and sought its destruction, it was the duty of the chancellor to proceed, unasked by any one, to appoint other trustees or to disregard the prayer of the appellants, and to refuse to sell the property. This court is now asked, by the same parties who asked the chancellor to render the judgment, to reverse it. The statement of the proposition would seem to be a sufficient answer.

It is next insisted that the court erred in adjudging the proceeds of the sale to the appellee instead of applying them to pay the debts of the church. The deed conveyed the lots on which the church was erected for certain uses, and provided that the property should revert to the grantor or his heirs, in case any of the conditions therein specified should be violated. One of the conditions is that the church shall "forever remain free to all persons, and most especially to the poor, to worship God."

The appellants prayed for a sale without limitation or restrictions as to the uses to which the property should be applied by the 'purchaser. The sale, therefore, totally destroyed the uses prescribed in the deed. The property no longer remains free to all persons to worship God in or on it. No one but the purchaser now has that right.

The grantor was a party to the suit and assented to the sale, and therefore is bound by it. But if he had not been a party, and had given no consent, it will be hardly doubted that he could have recovered the property from the purchaser the moment the sale was confirmed, because the sale terminated the use declared in the deed, and brought about one of the contingencies on which the title was to revert, and all that would have remained was the election of the grantor to enter for condition broken.

The case differs from those in which there was a voluntary conveyance for charitable uses without a stipulation in the instrument of conveyance for the reversion of the title in case of the abandonment of the use. In such cases the title reverts by operation of law. But

in this case it reverts by operation of the deed upon a re-entry, for condition broken or other election to treat the title as forfeited.

In the former class of cases it may be that a grantee, abandoning the use after placing valuable improvements on property vacant when the conveyance was made, would have some equitable claim to compensation out of the property or its proceeds, from the enhanced value resulting from the improvements, especially if the conveyance was made in contemplation that such improvements would be made. The circumstances would, in such cases, present strong equitable considerations for the interposition of the chancellor. The grantor relying upon the law to reinvest him with the title, equity might compel him to make some compensation for improvements. But a grantor who stipulates in his deed that the title shall revert upon a violation of its conditions is not in a condition to be put upon terms. The circumstances under which the title shall revert having been made the subject of stipulation between the parties, the court must presume that no other terms were intended by them.

That the grantor covenanted against encumbrances, when there was a lien for a comparatively small amount of purchase-money due to his vendor, might have furnished some equitable ground for compensation for improvements, if the sale had been rendered necessary by that encumbrance. But such was not the case. The appellants sought the sale to pay the debts of the church, and made the remote vendor a party, and called upon him to assert his lien apparently for the purpose of passing an unencumbered title to the purchaser.

Nor do we perceive that the appellee is in any way responsible for the condition in which the appellants are placed. He gave them the lots, which cost him $8,000 less $1,880, and $9,000 in cash to buy material for erecting the building, and, had not financial ruin overtaken him, would no doubt have continued to aid them with the same liberality that had characterized him as long as he was able to give.

Mrs. Ross' property is in mortgage, or her lease sold, for a debt created for the benefit of the church, "but the faith of the trustees and of the congregation stood pledged to her, to save her harmless," and we cannot doubt but that they will religiously keep their plighted faith. But whether so or not, the appellee's property has not been pledged to her in any way, and this court has no power to appropriate it to redeem the plighted faith of the "trustees and congregation."

A statement in a former judgment, that the property was liable in the hands of the trustees for the indebtedness incurred about the

erection of the improvements, was not a disposition of the surplus remaining after satisfying Gaylord's lien. It was merely the opinion then entertained by the judge which he had a right to change at any time, and it was not until the fund was ordered to be distributed or disposed of that the utterances of the court in respect to it became final.

We are, therefore, of the opinion that there was no error in adjudging to the appellee the proceeds of the sale of the property, and the judgment is therefore *affirmed.*

*F. M. Webster, J. R. Hallam, for appellants.*

*Fisk & Fisk, for appellee.*